J-S38039-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BLAKE LABAR | : | |
| | : | |
| Appellant | : | No. 1515 MDA 2019 |

Appeal from the Judgment of Sentence Entered July 30, 2019
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0002397-2018

BEFORE:   KUNSELMAN, J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:              **FILED SEPTEMBER 22, 2020**

Appellant Blake Labar appeals the judgment of sentence entered by the Court of Common Pleas of Lackawanna County after Appellant pled guilty to Statutory Sexual Assault. Counsel has filed a petition to withdraw her representation and a brief pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396 (1967), and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009) (hereinafter "**Anders** brief"). After careful review, we grant counsel's petition to withdraw, but vacate the judgment of sentence and remand for the limited purpose of the trial court correcting its sentencing order.

_____

[*] Former Justice specially assigned to the Superior Court.

On December 20, 2018, Appellant was charged with Statutory Sexual Assault, Involuntary Deviate Sexual Intercourse, Indecent Assault, and Unlawful Contact with a Minor.[1]  The charges were based on the report of a fifteen-year-old minor ("the victim"), who asserted that she had a sexual relationship with Appellant from May 2018 to August 2018.

The victim told police that Appellant, whom she considered her "step-uncle," would meet with her when her mother worked late hours.  Affidavit of Probable Cause, at 1.  The victim indicated that Appellant drove her to lakes and parks to look at the stars, told her he loved her, and then proceeded to have sexual intercourse with her in his car.  *Id*.  The victim's relationship with Appellant ended when her mother came home early one night from work in late August and found the victim and Appellant spending time together at 1:00 a.m.  *Id*.  When confronted by her mother, the victim initially denied having a relationship with Appellant, but later told her mother the truth.  *Id*.

On October 26, 2018, Appellant met with Scranton police officers, agreed to waive his *Miranda* rights, submitted to an interview without an attorney.  Appellant admitted to having sex with the victim on "a number of occasions" after she had "come on to him."  *Id*.  Appellant conceded to having a sexual relationship with the victim, who was 15 at the time and Appellant was 28 years old.  *Id*.

---

[1] 18 Pa.C.S.A. § 3122.1(b), § 3123(a)(7), § 3126(a)(8), and § 6318(a)(1), respectively.

On February 14, 2019, Appellant pled guilty to one count of Statutory Sexual Assault, which was graded as a felony of the first degree as Appellant admitted that he had "engage[d] in sexual intercourse with a complainant under the age of 16 and that person is 11 or more years old than the complainant and the complainant and the person are not married to each other." 18 Pa.C.S.A. § 3122.1(b). The prosecution agreed not to pursue the remaining charges. At his plea hearing, Appellant acknowledged on the record that he was pleading guilty to a Tier III offense under the Sexual Offender Registration and Notification Act ("SORNA"), which required lifetime registration as a sexual offender.

On July 30, 2019, the trial court sentenced Appellant to three to six years' incarceration to be followed by three years' probation.[2] As Appellant had a prior record score of zero and the offense gravity score for first-degree felony Statutory Sexual Assault is nine, Appellant's sentence in this case fell in the aggravated range of the sentencing guidelines. Appellant was deemed not to be a sexually violent predator.

On August 2, 2019, Appellant filed a motion for the reconsideration of his sentence. Appellant claimed that the trial court improperly considered his

---

[2] As Appellant was on probation at the time of the criminal conduct in this case, Appellant stipulated that his assault of the victim was a probation violation at docket number 16 CR 2397. The trial court revoked his probation and resentenced Appellant on this charge to one to two years' imprisonment, which was set to run consecutively to the sentence in this case. Appellant does not challenge the propriety of his probation revocation or sentence at docket 16 CR 2397.

- 3 -

age as an aggravating factor when the "standard range suggested in the Pre-sentence investigation acknowledged the age difference between [Appellant] and the victim." Motion for Reconsideration, 8/2/19, at 2. Appellant also indicated that the trial court failed to consider various mitigating factors, such as his military service, mental health issues, and the recent loss of his wife to cancer. On August 13, 2019, the trial court denied the motion for reconsideration.

Appellant filed a timely appeal and complied with the trial court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Thereafter, counsel filed an **Anders** brief and a petition to withdraw.

Appellant raises the following issues on appeal:

A. Whether the sentencing court erred and committed an abuse of discretion when it imposed a sentence in the aggravated range where there were no aggravating circumstances, and where the difference in the parties' ages is already an element of the offense and is already taken into consideration by the statute?

B. Whether the sentence imposed was harsh and excessive in light of all the factors presented.

Appellant's Brief, at 4.

Before reaching the merits of the appeal, we must first evaluate counsel's request to withdraw her representation. *Commonwealth v. Washington*, 63 A.3d 797, 800 (Pa.Super. 2013); *see also Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa.Super. 2005) (stating, "[w]hen faced with a

purported **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw") (citation omitted).

There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal pursuant to which counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

**Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*) (citation omitted). We further review counsel's **Anders** brief for compliance with the requirements set forth in **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009):

> [W]e hold that in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id**. at 178-79, 978 A.2d at 361.

In this case, counsel's brief and petition substantially comply with the technical requirements of **Anders** and **Santiago**. Moreover, counsel has provided this Court with a copy of the letter, which she sent to Appellant

advising him of his right to retain new counsel or to proceed *pro* se with his case to raise any points that he deems worthy of this Court's attention. ***See Commonwealth v. Millisock***, 873 A.2d 748 (Pa.Super. 2005). Therefore, we proceed to examine the issues counsel identified in the ***Anders*** brief and then conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." ***Commonwealth v. Yorgey***, 188 A.3d 1190, 1195 (Pa.Super. 2018) (*en banc*) (quotation omitted).

As noted above, Appellant challenges the trial court's discretion in imposing his sentence. In reviewing his claims, we are cognizant that Appellant must comply with the following requirements:

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. Prior to reaching the merits of a discretionary sentencing issue[, w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to exceptional cases.

*Commonwealth v. Manivannan*, 186 A.3d 472, 489 (Pa.Super. 2018) (quotation marks, some citations, and emphasis omitted).

In this case, Appellant filed a timely notice of appeal and filed a post-sentence motion, which alleged that the trial court improperly considered the age difference between himself and the victim and did not consider various mitigating favors. Appellant also included a Rule 2119(f) statement in his brief, in which Appellant did not allege that the trial court failed to consider mitigating factors. We turn to the next requirement: whether Appellant raised a substantial question meriting our discretionary review. This Court has recognized that:

> [t]he determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Id.* (quotation marks and some citations omitted).

Appellant asserts that the trial court improperly considered the age difference between himself and the victim, which Appellant asserts is already an element of the offense. This Court has held that an appellant raises a substantial question for review in claiming that the trial court improperly based an aggravated range sentence upon a factor that constitutes an element of the offense. *Commonwealth v. Fullin*, 892 A.2d 843, 848 (Pa.Super. 2006). As such, we may proceed to review the merits of Appellant's argument.

In reviewing a challenge to the trial court's sentencing discretion, our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Gonzalez**, 109 A.3d 711, 731 (Pa.Super. 2015) (quotation omitted).

Moreover, "[a]lthough Pennsylvania's system stands for individualized sentencing, the court is not required to impose the 'minimum possible' confinement." **Commonwealth v. Moury**, 992 A.2d 162, 171 (Pa.Super. 2010) (citation omitted). In reviewing the sentence, an appellate court shall have regard for: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the opportunity of the sentencing court to observe the defendant, including any presentence investigation; (3) the findings upon which the sentence was based; and (4) the guidelines promulgated by the commission. **See** 42 Pa.C.S.A. § 9781(d)(1)–(4). These general standards mandate that a sentencing court impose a sentence "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b).

Generally, "[i]t is impermissible for a court to consider factors already included within the sentencing guidelines as the *sole* reason for increasing or decreasing a sentence to the aggravated or mitigating range." ***Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa.Super. 2006) (emphasis in original). However, "[t]rial courts are permitted to use factors "already included in the guidelines if, they are used to supplement other extraneous sentencing information." ***Id.*** When deciding whether a court improperly has based an aggravated sentence on a factor that is already considered by the sentencing guidelines, we have stated:

> [t]he guidelines were implemented to create greater consistency and rationality in sentencing. The guidelines accomplish the above purposes by providing a norm for comparison, *i.e.*, the standard range of punishment, for the panoply of crimes found in the crimes code and by providing a scale of progressively greater punishment as the gravity of the offense increases.... The provision of a "norm" also strongly implies that deviation from the norm should be correlated with facts about the crime that also deviate from the norm for the offense, or facts relating to the offender's character or criminal history that deviates from the norm and must be regarded as not within the guidelines contemplation. Given this predicate, simply indicating that an offense is a serious, heinous or grave offense misplaces the proper focus. The focus should not be upon the seriousness, heinousness or egregiousness of the offense generally speaking, but, rather, upon how the present case deviates from what might be regarded as a "typical" or "normal" case of the offense under consideration.

***Fullin***, 892 A.2d at 848 (citation omitted).

Moreover, "[a]n aggravated range sentence [is] justified to the extent that the individual circumstances of [the defendant's] case are atypical of the crime for which [the defendant] was convicted, such that a more severe

punishment is appropriate." *Id*. The *Fullin* Court affirmed an aggravated range sentence because the trial court justified the sentence by opining on the extreme indifference for the consequences of the defendant's actions and on the extreme nature of the harm to the victim. *Id.* at 849.

In addition, "[w]here a PSI exists, we presume that the trial court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A PSI constitutes the record and speaks for itself." *Commonwealth v. Bonner*, 135 A.3d 592, 605 (Pa.Super. 2016) (original brackets and citation omitted).

Even assuming that it was impermissible for the trial court to consider the age difference between Appellant and the victim when fashioning Appellant's sentence, the trial court set forth additional, permissible reasons for sentencing Appellant to an aggravated range sentence.  The trial court indicated that it had thoroughly reviewed the presentence report and was troubled by the fact that Appellant was "almost double" the victim's age and took advantage of the familial relationship he had with the victim in order to gain access to her and win her trust.  N.T. Sentencing, 7/30/19, at 5.  The trial court also emphasized that Appellant repeatedly sexually assaulted the victim over a period of time despite knowing that his behavior was inappropriate. *Id*.

Further, the trial court indicated his "unique familiarity" with Appellant as he had supervised him in Veteran's Court program as a condition of his sentence on docket 16 CR 1475 and knew of his "criminal history involving

- 10 -

females and domestic relationships." T.C.O., 4/24/20, at 8. The trial court emphasized that Appellant had committed the instant offenses while on probation, which the trial judge found was evidence of Appellant's inability to rehabilitate while on supervision. *Id*.

Given the trial court's use of other permissible factors, it did not abuse its discretion in considering the age difference between Appellant and the victim when fashioning his sentence. *See Commonwealth v. P.L.S.*, 894 A.2d 120, 133 (Pa.Super. 2006) (finding that even if the trial court considered an inappropriate factor at sentencing, "the court offered significant other support for sentencing in excess of the guidelines in this case"), *appeal denied*, 906 A.2d 542 (Pa. 2006). As such, we find this claim to be meritless.

In his appellate brief, we also note that Appellant argues for the first time on appeal that (1) the sentence was excessive and (2) that the trial court improperly considered that he sexually abused the victim on multiple occasions, when he only pled guilty to one count of statutory sexual assault based on the fact that he engaged in sexual intercourse with the victim on May 1, 2018.

However, Appellant did not raise these claims in his post-sentence motion, which only alleged that the trial court's improperly considered the age difference between Appellant and the victim and failed to consider various mitigating factors. This Court has explained:

> [t]o properly preserve an issue challenging the discretionary aspects of sentencing, a defendant must object and request a remedy at sentencing, or raise the challenge in a post-sentence

- 11 -

motion. ***Commonwealth v. McAfee***, 849 A.2d 270, 275 (Pa. Super. 2004). The Pennsylvania Rules of Criminal Procedure specifically caution defendants that, when filing post-sentence motions, "[a]ll requests for relief from the trial court shall be stated with specificity and particularity[.]" Pa.R.Crim.P. 720(B)(1)(a). ***See Commonwealth v. Tejada***, 107 A.3d 788, 798-99 (Pa. Super. 2015) (noting that the trial court must be given the opportunity to reconsider its sentence either at sentencing or in a post-sentence motion). ***See, e.g.***, ***Commonwealth v. Mann***, 820 A.2d 788, 793-94 (Pa. Super. 2003) (concluding that the defendant waived his discretionary aspects of sentencing claim regarding the sentencing court's failure to state the reasons for his sentence on the record where the defendant's post-sentence motion only argued that his sentence was unduly severe and that the trial court abused its discretion under the sentencing code).

***Commonwealth v. Clary***, 226 A.3d 571, 579 (Pa.Super. 2020).[3] As such,

we find that these specific issues are waived. After examining the issues

---

[3] This Court has held that a sentencing court is permitted to consider unprosecuted criminal conduct in certain circumstances:

Not only does the caselaw authorize a sentencing court to consider unprosecuted criminal conduct, the sentencing guidelines essentially mandate such consideration when a prior record score inadequately reflects a defendant's criminal background. In 204 Pa.Code § 303.5(d), Adequacy of the Prior Record Score, the sentencing guidelines provide that the court "may consider at sentencing previous convictions, juvenile adjudications or dispositions not counted in the calculation of the Prior Record Score, **in addition to other factors deemed appropriate by the court**" (emphasis added).

[However,] uncharged criminal conduct may not be used for sentencing purposes when the record is devoid of the necessary evidentiary link between the defendant and the uncharged prior conduct.

***Commonwealth v. P.L.S.***, 894 A.2d 120, 131 (Pa.Super. 2006).

contained in the **Anders** brief, we agree with counsel's assessment that Appellant's sentencing challenge is wholly frivolous.

However, after conducting a full examination of the record, we note an error in the sentencing order which includes the following language relating to Appellant's registration obligations under SORNA: "TIER 3 REG FOR 25YRS." Sentencing order, 7/30/19, at 1. This designation was clearly made in error as SORNA provides that Tier II offenses require 25-year registration and Tier III offenses require lifetime registration. 42 Pa.C.S.A. § 9799.15(a)(2)-(3).

We find it necessary to remand for the correction of the sentencing order as "[i]n Pennsylvania, the text of the sentencing order, and not the statements a trial court makes about a defendant's sentence, is determinative of the court's sentencing intentions and the sentence imposed." **Commonwealth v. Sarvey,** 199 A.3d 436, 451–52 (Pa.Super. 2018) (quotation omitted).

> It is well-settled in Pennsylvania that a trial court has the inherent, common-law authority to correct "clear clerical errors" in its orders. A trial court maintains this authority even after the expiration of the 30 day time limitation set forth in 42 Pa.C.S.A. § 5505 for the modification of orders.
> ***
> [However,] an alleged error must qualify as a clear clerical error (or a patent and obvious mistake) in order to be amenable to correction. In discussing a trial court's authority to correct illegal sentences, our Supreme Court has stated that it is "the obviousness of the illegality, rather than the illegality itself, that

---

While Appellant's plea was only related to one instance of sexual assault of the victim, Appellant admitted to having a sexual relationship with the victim over several months in which he had intercourse with the fifteen year old girl on numerous occasions. Appellant's admission to a pattern of sexual assault was corroborated by the victim in her forensic interview.

triggers the court's inherent power." [***Commonwealth v.***] ***Holmes***, [593 Pa. 601], 933 A.2d [57, 666 (2007).]

\*\*\*

As a matter of general guidance, our Supreme Court has sanctioned the use of the inherent authority in cases that "involve *clear errors* in the imposition of sentences that were incompatible with the record or black letter law[.]" ***Id.*** (emphasis added).

***Commonwealth v. Borrin***, 12 A.3d 466, 471–73 (Pa.Super. 2011), *aff'd*, 622 Pa. 422, 80 A.3d 1219 (2013) (some citations omitted).

In this case, the trial court's sentencing order contains a clear clerical error in stating that Appellant is a Tier III offender required to register under SORNA for *twenty-five* years. At the plea hearing, Appellant pled guilty to statutory sexual assault graded as a first-degree felony under 18 Pa.C.S.A. § 3122.1(b), which Appellant acknowledged was a Tier III offense that requires *lifetime* registration. N.T. Plea, 2/14/19, at 3, 5. The trial court's sentencing order is incompatible with SORNA's provisions that explicitly designate statutory sexual assault under 18 Pa.C.S.A. § 3122.1 as a Tier III offense that requires lifetime registration. 42 Pa.C.S.A. §§ 9799.14(d)(3); 42 Pa.C.S.A. § 9799.15(a)(3). Therefore, we vacate the judgment of sentence and remand for correction.

Judgment of sentence vacated. Case remanded for correction of the sentencing order. Petition to withdraw as counsel granted. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/22/2020